D|F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MITCHELL M. HAAS,

                Plaintiff,

-against-

CAROL HAAS and EMMANUELLE LEVY,
M.D.,

                Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

08-CV-133 (NGG) (ARL)

NICHOLAS G. GARAUFIS, United States District Judge.

On January 10, 2008, Plaintiff pro se Mitchell M. Haas ("Plaintiff") filed this action against Carol Haas, his mother, and Emmanuelle Levy, M.D., ("Levy") a psychiatrist who works for the Canadian government. Plaintiff asks the court to grant a prior restraint forbidding Levy and his mother from discussing the psychiatric examination of Plaintiff conducted by Levy after Plaintiff requested asylum in Canada in 2005.

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Because Plaintiff is proceeding pro se, his papers must be read liberally and interpreted as raising the strongest arguments they suggest. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the pleadings "gives any indication that a valid claim might be stated," this court must grant leave to amend it. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

"A 'prior restraint' on speech is a law, regulation or judicial order that suppresses speech- or provides for its suppression at the discretion of government officials – on the basis of the speech's content and in advance of its actual expression." United States v. Quattrone, 402 F.3d

304, 309 (2d Cir. 2005). Such restraints constitute serious infringements on the freedom of speech, and withstand constitutional scrutiny in only exceptional cases. Id. at 310. For example, prior restraints on the dissemination of child pornography, or, in certain circumstances, to limit prejudicial trial publicity, have been found proper. See New York v. Ferber, 458 U.S. 747, 763-64 (1982); Quattrone, 402 F.3d at 310-11.

Here, Plaintiff has provided the court with no reason sufficient to show his entitlement to the extraordinary remedy of a prior restraint. Plaintiff's embarrassment at the defendants' possible discussion of his psychiatric examination does not entitle him to an order restricting defendants' free speech rights.

The Complaint, filed in forma pauperis, is therefore dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), because it is frivolous and fails to state a claim upon which relief may be granted. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case.

The court notes that Plaintiff has already filed one complaint in this district court that was dismissed under 28 U.S.C. § 1915. See Memorandum and Order, Haas v. City of New York, 08-cv-335 (NGG) (LB) (E.D.N.Y. Feb. 5, 2008). Plaintiff is advised that the continued filing of plainly meritless complaints may result in the imposition of sanctions or other measures, including restrictions on Plaintiff's right to file complaints without prior leave of the court.
SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
January 7, 2009

NICHOLAS G. GARAUFIS
United States District Judge